COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-119-CR

 

 

GLENN CROCHETTE                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Glenn Crochette of aggravated assault, found the enhancement paragraphs true,
and assessed his punishment at twenty-five years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  The trial court
sentenced him accordingly.  In four
points, Appellant complains about an overruled challenge for cause and the
exclusion of evidence.  We affirm the
trial court=s judgment.

Appellant got into a verbal
altercation with some juveniles at an apartment complex playground.  The adult complainant heard the commotion
from his apartment and went to the playground to see what was going on.  Appellant ultimately lunged at the
complainant with a knife and cut his forearm. 
The evidence conflicted on the issue of self-defense.

In his first point, Appellant
contends that the trial court erred by overruling his challenge for cause to a
member of the venire.  As the Texas Court
of Criminal Appeals has held,

To preserve error on denied challenges for cause,
an appellant must demonstrate on the record that:  1) he asserted a clear and specific challenge
for cause; 2) he used a peremptory challenge on the complained‑of
venireperson; 3) all his peremptory challenges were exhausted; 4) his request
for additional strikes was denied;  and
5) an objectionable juror sat on the jury.[2]

 

Appellant has not
demonstrated that he exhausted his peremptory challenges, that the trial court
denied a request for additional strikes, or that an objectionable person sat on
the jury.  He has therefore failed to
preserve this complaint.  We overrule
Appellant=s first
point.








In his remaining three
points, Appellant contends that the trial court erred by excluding evidence
concerning the prior relationship between Appellant and the juveniles at the
playground.  He argues that the trial
court=s rulings prevented him Afrom eliciting vital information concerning the prior relationships
between the parties in the apartment complex as well as the intent or motive of
the teenagers in regard to Appellant.@  He focuses on the fact that he
raised the issue of self-defense.  Our
review of the record shows that the questions sought information about an adult
eyewitness and the juveniles; they sought no information about the complainant
or his relationship with Appellant.[3]  The trial court therefore correctly held that
the questions sought irrelevant evidence.[4]  We overrule Appellant=s second, third, and fourth points.

 

 

 








Having overruled Appellant=s four points, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT,
WALKER, and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 6, 2006











[1]See Tex.
R. App. P. 47.4.





[2]Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim.
App. 2002) (citing Green v. State, 934 S.W.2d 92, 105 (Tex. Crim. App.
1996), cert. denied, 520 U.S. 1200 (1997)).





[3]See Tate v. State, 981 S.W.2d 189, 193 (Tex. Crim.
App. 1998) (holding evidence that complainant was first aggressor was
relevant).





[4]See id.; see also Weston v. State,
No. 2-04-00247-CR, 2005 WL 1477870, at *1 (Tex. App.CFort Worth June 23, 2005, no pet.)
(mem. op.) (not designated for publication) (holding trial court properly
excluded evidence concerning whether boss, who was not the complainant, was
disliked by employees other than the defendant).